UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| GEORGE SATTERWHITE, | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | No. 1:12-cv-313 |
| | ) | *Judge Curtis L. Collier* |
| WARDEN PAUL L. JENNINGS; REGIONAL MANAGER OF CCA NURSES, MICHELLE TIPTON; AND CCA-SILVERDALE PSYCHOLOGIST DR. BUSHAWN; | ) ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM and ORDER**

George Satterwhite ("Plaintiff"), a *pro se* prisoner, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Pursuant to the Court's Deficiency Order, Plaintiff filed a motion to proceed *in forma pauperis* (Court File No. 3).

The Court discerns Plaintiff alleges Dr. Bushawn put him on the generic form of the medications he was taking prior to being incarcerated, and the generic medications have "messed up" his nervous system (Court File No. 1). Plaintiff has failed to identify the capacity in which he sues Defendants. As it stands now, it appears he has only sued each of them in their official capacity, and there are no allegations demonstrating any official liability on the part of any of the named defendants.

Nevertheless, as discussed in more detail below in section III, because these shortcomings may be remedied by amendment, Plaintiff will be permitted to amend his complaint as to his claims against Defendants. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the PLRA).

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Accordingly, his motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 3). Plaintiff's motion is **GRANTED** to the extent he does not have to initially pay the full $350.00 filing fee but **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the full $350.00 filing fee. Rather, Plaintiff will pay the full fee as assessed in installments. Since Plaintiff is a prisoner in custody at CCA-Silverdale, he is **ASSESSED** the full civil filing fee of $350.00 under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to the Warden and Custodian of Records at CCA-Silverdale, in Chattanooga, TN, the Commissioner of the Tennessee Department of Corrections, the State Attorney General, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the PLRA relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is also **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

**II.    FACTS**

Plaintiff submits the following scant allegations pertaining to his claims against Defendants. When Plaintiff arrived at CCA-Silverdale, he advised Dr. Bushawn of his medical problems and the medications he was taking prior to being incarcerated. Dr. Bushawn subsequently prescribed and administered the generic forms of the medication Plaintiff was previously taking. These generic

forms have "messed up" Plaintiff's nervous system to the point that he "can't hold steal [sic] for more then [sic] 5 seconds." Plaintiff notified Dr. Bushawn of the side effect. Apparently, at some time thereafter, the nurse informed Plaintiff there was nothing they could do for him, and Dr. Bushawn was not going to change his medication. Plaintiff requests the Court to investigate the situation.

### III. SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

At this point, Plaintiff's allegations do not sufficiently state a constitutional violation. As previously noted, in addition to failing to specify in what capacity he is suing Defendants, he has failed to provide sufficient factual support for his claim to indicate any liability on the part of any of these named defendants in their official capacity. In addition, Plaintiff has failed to make any claim at all against the Warden. Furthermore, Plaintiff does not make a claim specifically against

4

Michelle Tipton. Although Plaintiff references a nurse in his allegations, it appears to be a nurse at CCA rather than Michelle Tipton who is apparently the Regional Manager of CCA nurses in Nashville. Nevertheless, the deficiencies and confusing allegations in Plaintiff's complaint may be able to be cured. Therefore, the Court will permit Plaintiff to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d at 951. The Court cautions Plaintiff, that his complain must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.

In sum, as it stands now, Plaintiff has sued the Defendants only in their official capacities since he failed to identify the capacity in which he is suing each Defendant. In addition, he has failed to state a claim against any of the defendants in their official capacity. Furthermore, Plaintiff has failed to assert any claim against Warden Jennings or Regional Manager of CCA Nurses, Michelle Tipton. Moreover, Plaintiff has failed to allege sufficient facts to support his medical claim beyond more than speculation that a constitutional violation may have occurred. For example, Plaintiff fails to explain the details of any new side effects he is experiencing as a result of his medication change and when they occurred. Specifically, he fails to explain the specific symptoms he is experiencing. In addition, he does not identify the date on which this medication change occurred, when the side effects began, or explain the circumstances and discussion that occurred between him and the Defendants about this issue. In other words, Plaintiff has not sufficiently alleged a serious medical problem or supplied facts that he is being denied medical attention for a serious medical problem. Because these are potentially curable deficiencies, however, Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies. *See LaFountain v. Harry*, 716 F.3d at 951.

Accordingly, the Clerk will be **DIRECTED** to send Plaintiff a § 1983 form complaint which Plaintiff **SHALL** label "Amended Complaint." Plaintiff's failure to amend his complaint within **twenty (20) days** from the date of this Memorandum and Order will result in the complaint being dismissed for failure to state a claim and for failure to prosecute and follow the orders of this Court.

Accordingly, it is hereby **ORDERED** that:

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART AND DENIED IN PART** (Court File No. 3). The Custodian of Plaintiff's inmate trust account at CCA-Silverdale **SHALL** submit, as an initial partial payment, 20% of the average monthly deposits to Plaintiff's trust account or 20% of the average monthly balance in Plaintiff's trust account for the six-month period preceding the filing of the complaint. Thereafter, the Custodian **SHALL** collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding months income and forward payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden and Custodian of Records at CCA-Silverdale, the Commissioner of the Tennessee Department of Corrections, the State Attorney General, and the Court's Financial Deputy to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the PLRA relating to payment of the filing fee.

The Clerk **SHALL** mail Plaintiff a copy of this Memorandum and Order, a copy of his original complaint, and a blank § 1983 complaint. Plaintiff **SHALL** entitle the blank § 1983 complaint **AMENDED COMPLAINT** and complete the complaint in its entirely and cure all the

6

deficiencies of his original complaint. Plaintiff is **GRANTED twenty (20) days** from the date of this Order in which to file a First Amended Complaint that **SHALL** cure all the deficiencies of pleading noted above. Plaintiff's Amended Complaint **MUST** be complete in itself without reference to his original complaint as the original complaint will be superseded by the Amended Complaint.

In other words, Plaintiff's Amended Complaint will replace his original complaint. Therefore, defendants not named and all claims not realleged in the Amended Complaint will be deemed to have been waived. Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may be counted as a "strike" under 28 U.S.C. § 1915(g). To be perfectly clear, Plaintiff is warned that if his Amended Complaint fails to address the deficiencies noted above, it may be dismissed with prejudice and without further leave to amend. The Court cautions Plaintiff, if he chooses to amend his complaint he must do so within **twenty (20) days** from the date of this Memorandum and Order or his complaint will be dismissed for failure to state a claim upon which relief may be granted and for failure to prosecute and follow the orders of this Court.

Finally, Plaintiff is **ORDERED** to inform the Court, and Defendants or Defendants' counsel of record, immediately of any address change. Failure to provide a correct address to this Court within **fourteen (14) days** following any change of address will result in the dismissal of this action.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**